UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN RAZZOLI,<br><br>              Plaintiff,<br>v.<br><br>JERSEY CITY POLICE<br>DEPARTMENT, *et al.*,<br><br>              Defendants. | Civil Action No.<br><br>16-5545 (MCA) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court by way of defendants' motion to dismiss the Complaint based on plaintiff *pro se* Kevin Razzoli's failure to provide discovery. ECF No. 75. Plaintiff opposes the motion. ECF No. 80. The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. For the reasons set forth below, it is respectfully recommended that this action not be dismissed based on plaintiff's discovery failures, but that plaintiff be precluded from seeking damages for alleged injuries as to which he has precluded defendants from conducting discovery. Therefore, the undersigned recommends that defendants' motion be **GRANTED IN PART AND DENIED IN PART** as set forth below.

## BACKGROUND

Plaintiff *pro se* asserts in this action that the Jersey City Police Department and various individual officers violated his constitutional and civil rights during an arrest in 2016. *See* ECF No. 1. Plaintiff commenced this action in September 2016. ECF No. 1.

This case has been plagued by numerous discovery issues and delays. The initial fact discovery deadline of June 30, 2017, ECF No. 10, was extended to November 1, 2017, in order to

enable Jersey City to complete an internal affairs investigation relating to plaintiff's arrest and for the parties to enter a Discovery Confidentiality Order. *See* ECF Nos. 13, 20.

On November 2, 2017, *pro bono* counsel from the Seton Hall University School of Law entered an appearance on behalf of plaintiff for the limited purpose of assisting him at a settlement conference. ECF No. 21. The settlement conference was rescheduled multiple times at the parties' requests and due to inclement weather. *See* ECF Nos. 27, 29, 33, 35. A settlement conference was finally held on May 14, 2018, which failed to resolve the matter.

As discovery had not been completed prior to the settlement conference, and as the case had been pending then for more than a year and a half, the Court issued an Amended Scheduling Order on June 18, 2018, requiring fact discovery to be completed within about sixty days. The Order provided, *inter alia*, that written discovery be completed by July 16, 2018, that depositions be completed by August 31, 2018, and that plaintiff appear for an independent medical examination ("IME") by defendants' physician on or before August 1, 2018. ECF No. 48.

Subsequently, the Court received numerous letters from plaintiff and defendants' counsel concerning plaintiff's noncompliance with the Court's Amended Scheduling Order. Defendants' counsel advised that plaintiff failed to respond to defendants' written discovery requests, to sign a medical authorization form, and to appear for both his IME on August 6, 2018 and deposition on August 21, 2018. ECF Nos. 50, 53, 57. Plaintiff claimed in his letters that he had been unable to comply because he had been hospitalized for food poisoning and for "blunt head trauma" from an assault and that his cell phone was shut off because he was unable to pay the bill. ECF Nos. 56, 58, 59. He did not provide any documents to the Court to substantiate that any of these events had

2

occurred, much less that they had prevented his ability over a several-week-period to comply with his discovery obligations.

Plaintiff failed to appear for a September 27, 2018 telephone conference that had been scheduled to discuss his failure to provide discovery. He subsequently claimed in a letter, again without supporting documentation of any kind, that he missed the conference due to a "severe head injury in a robbery." ECF No. 60. He also suggested in the letter that the Court should hold an in-person conference, as telephone conferences had proven problematic. *Id.*

The Court held such an in-person conference on October 22, 2018, during which it was agreed by the parties and ordered by the Court that due to issues contacting plaintiff through his cell phone and by mail, all correspondence was to be sent to plaintiff by email. The Court ordered plaintiff to appear for a deposition and an IME no later than November 23, 2018. ECF No. 64. During the conference, plaintiff also executed a medical authorization form.

Plaintiff appeared for his deposition on November 1, 2018, but failed for a second time to appear for his IME scheduled for October 29, 2018. *See* ECF No. 75-4 p. 54. He also submitted a November 5, 2018 letter stating that he could not produce documents that defendants had long sought in discovery, as he was unable "to pay for reproduction of documents" because he was separated from his wife and not living at his residence. ECF No. 66.

The Court held a November 7, 2018 telephone conference to discuss plaintiff's noncompliance. Dissatisfied with plaintiff's explanations, the Court granted defendants leave to file a motion addressing plaintiff's failure to provide discovery or move for summary judgment. ECF No. 67. Plaintiff submitted a letter objecting, asserting that despite defendants' emails

notifying him of the scheduled IME, he never received notice because his email "was hacked into many times by US DOJ AGENTS and or their Rats/Informants." ECF No. 68.

Defendants filed the instant motion on November 27, 2018. ECF No. 75. After granting plaintiff's request for an extension until January 8, 2019 to respond, ECF No. 78, the motion was fully briefed on January 15, 2019. ECF No. 79. The motion was referred to the undersigned for a Report and Recommendation on March 28, 2019.

## **DISCUSSION**

Defendants move to dismiss the Complaint pursuant to Federal Civil Rules of Procedure 37(b), 37(d), 41(b), 16(f), and Local Civil Rule 41.1(a). For the reasons set forth below, the Court recommends that defendants' motion be granted in part and denied in part and that plaintiff be precluded from seeking damages for his alleged physical injuries, emotional distress, and lost wages.

### **I. LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rules 37(b)(2)(A) and 37(d) authorize the Court to strike a party's pleading or dismiss the action as a sanction for failure to provide discovery or appear for a deposition. Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference, does not participate in good faith, or fails to comply with a pretrial order.[1]

---

[1] Plaintiff also moves under Local Civil Rule 41.1(a), which provides that "[c]ivil cases . . . which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution." The Court finds this rule inapplicable, as plaintiff has not allowed a 90-day period to lapse without participation in the case.

4

The Third Circuit identified six factors in *Poulis v. State Farm Fire and Casualty Co.* that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. 747 F.2d 863 (3d Cir. 1984). The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 (3d Cir. 2013).

## II. DISCUSSION

Defendant moves to dismiss based on plaintiff's failure to provide discovery. They contend such relief is warranted because plaintiff failed to appear for scheduled depositions and IMEs, to provide medical authorization forms, and to sufficiently respond to written discovery requests (including his failure to provide a summary of the facts supporting his claim and to produce any written documents evidencing his damages).

In light of the lenient standard applied to *pro se* litigants, *see Edelson v. Cheung*, Civ. No. 13-5870 (JLL) (JAD), 2017 U.S. Dist. LEXIS 5219, at *15 (D.N.J. Jan. 12, 2017), the Court views much of the potential prejudice stemming from plaintiff's failure to appear for his first deposition and failure to provide a description of the factual basis for his claims in written discovery as having been cured when he subsequently appeared for a deposition on November 1, 2018. While the Court does not condone plaintiff's failure to comply with the discovery rules, defendants' counsel had ample opportunity at that deposition to obtain sworn testimony from plaintiff as to the basis

for his claims. Similarly, plaintiff's failure to provide medical authorizations was cured, albeit belatedly, when he executed an authorization during the October 22, 2018 in-person conference before the Court. Therefore, the Court's focus as to whether dismissal is warranted under the *Poulis* factors is primarily on plaintiff's failure to appear for an IME and to provide any financial documents supporting his lost wage damages.

## A. *POULIS* FACTORS

### 1. Plaintiff's Personal Responsibility

Plaintiff asserts his failure to appear for the two IMEs and first deposition was due to his not having received notice of the scheduled times. He further claims that he has not been able to produce any documents in response to defendants' document demands because he is insolvent and is no longer living in his home where the documents are located. *See* ECF Nos. 66, 68, 70, 74. Plaintiff also represents that his failure to provide discovery in this case that he commenced is the result of multiple hospitalizations because of food poisoning and a head trauma he suffered during a robbery. *See* ECF No. 77.

Defendants have provided documentation showing that plaintiff was in fact notified of each scheduled deposition and IME. *See* ECF No. 75-4 at pp. 51-52, 100, 126-27, 137-38. Moreover, the Court ruled on the record during its October 22, 2018 conference that any correspondence to plaintiff by email would be deemed sufficient, and he was provided such notice. To the extent that plaintiff claims he has not had ready access to the documents that defendants requested he produce, he has been given more than enough time to obtain and produce them. Nothing in plaintiff's submissions to the Court suggests that he ever intends to produce the documents (or, conversely, acknowledge that he has no responsive documents, if that is the case). The Court finds that despite

6

the alleged hardships in plaintiff's life during the time of this litigation, he has not provided any substantiation that any of these sundry mishaps in fact occurred. Even if they had, that would still not excuse plaintiff's failure to appear for an IME or produce documents during the lengthy fact discovery period. The Court therefore finds that plaintiff is personally responsible for his failure to submit to an IME and to produce relevant documents demanded by defendants.

### 2. Prejudice to Defendants

Plaintiff's refusal to comply with his discovery obligations has prejudiced defendants' ability to defend this action. The Third Circuit holds that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, with plaintiff's failure to attend an IME and his failure to produce any documents related to his lost wage damages, defendants have been prevented from assessing and defending against plaintiff's claims that he continues to suffer physical and emotional injuries as a result of his arrest and that he has experienced financial losses.

### 3. History of Dilatoriness

Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders. Plaintiff failed to appear to his first deposition, two IMEs, and a telephone conference all ordered by the Court. Plaintiff has also repeatedly failed to respond to defendants' written discovery requests, despite being given abundant time to do so. Thus, plaintiff has demonstrated a history of dilatoriness.

### 4. Willfulness or Bad Faith

Plaintiff has asserted numerous reasons for his failure to comply with the Court's Orders

7

including his purported insolvency, multiple hospitalizations, and lack of notice. *See* ECF Nos. 66, 68, 70, 74, 77. But plaintiff was notified via email (at an address he confirmed was current) of both IMEs and his first deposition and has not described any effort he may have made to obtain the documents requested by defendants. *See* ECF No. 75-4 at pp. 51-52, 100, 126-27, 137-38. The Court finds this pattern of continuous excuses and noncompliance over a nearly two-year period evinces the "type of willful or contumacious bad behavior" that constitutes bad faith. *Hildebrand v. Allegheny County*, No. 18-1760, 2019 WL 1783540, (3d Cir. 2019) (characterizing such bad faith "as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays").

### 5. Effectiveness of Alternative Sanctions

The focus of this *Poulis* factor is whether sanctions short of dismissal are sufficient to address a party's discovery misconduct. The Court in applying this factor is cognizant of the Third Circuit's strong preference that cases be adjudicated on the merits. *See Ruhle v. Hous. Auth.*, 54 Fed. App'x 61, 62 n.1 (3d Cir. 2002).

The Court views dismissal of plaintiff's Complaint as potentially too harsh a sanction in view of the existence of adequate alternative sanctions. While hardly the model of discovery compliance, plaintiff eventually did appear for a deposition and executed a medical authorization. He also did appear for several court conferences.

Plaintiff's failure to appear for an IME so that defendants could examine his alleged physical and emotional injuries, and his failure to provide evidence of lost wages to substantiate that aspect of his damages claim, could be addressed by barring him from recovering those

8

categories of damages in this case. Such a sanction could address the "sword and shield" problem resulting from plaintiff's failure to allow defendants to evaluate these damages claims. Any lesser sanction than that, however, would not appear to be effective. Giving plaintiff a third opportunity to appear for an IME or to provide the documents requested, for instance, does not appear likely to result in compliance given plaintiff's past conduct. The Court and defendants should not be required continuously to extend discovery for a plaintiff who has refused to comply with obligations in a case that he commenced and continues to pursue.

### 6. Meritoriousness of the Claims

The meritoriousness of a claim is evaluated based on the allegations in the pleadings, rather than on a summary judgment standard. *See Poulis*, 747 F.2d at 869-70 ("A claim, or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). Here, plaintiff alleges he was assaulted and thrown down a flight of stairs by Jersey City police officers during a false arrest.[2] ECF No. 1. Based on the pleadings alone, plaintiff's claims may have merit and this factor weighs against dismissal.

### B. BALANCING THE FACTORS IN RECOMMENDING A SANCTION

Here, four *Poulis* factors weigh in favor of dismissal: plaintiff's personal responsibility, prejudice to defendants, plaintiff's history of dilatoriness, and willfulness or bad faith. Two factors weigh against dismissal: effectiveness of alternative sanctions and meritoriousness of the claims. Defendants are prejudiced in that they cannot sufficiently defend against certain damages claims

---

[2] The Court has also viewed a videotape that appears to depict a confrontation between plaintiff and Jersey City Police Officers after plaintiff was arrested.

9

by plaintiff, and plaintiff cannot reasonably expect to assert claims for damages as to which he has not complied with his discovery obligations. Accordingly, to cure the specific prejudice to defendants, the Court recommends the imposition of alternative sanctions. Given that plaintiff has not appeared for an IME and has not provided discovery with respect to any lost wage damages he suffered, in violation of Court orders, it is respectfully recommended that he be precluded from seeking or recovering damages for any physical or emotional injury or lost wages he claims to have suffered in connection with the arrest at issue in this action. This is an available remedy for precisely this type of conduct under Federal Rule of Civil Procedure 37(b)(2)(A)(ii), which provides that a party failing to obey an order to provide discovery may be "prohibit[ed] . . . from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." This seems an effective alternative sanction to dismissal of the case that fairly balances the *Poulis* factors and is specifically contemplated by the Federal Rules of Civil Procedure.[3]

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART**. The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: April 26, 2019

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

---

[3] To the extent that the granting of a motion for sanctions under this Rule also calls for an award of attorneys' fees and other expenses to the moving party unless "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37 (b)(2)(C), the Court recommends that no fees be awarded here because plaintiff is proceeding *in forma pauperis*. *See* ECF No. 4.

10